UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENE ANGEL MARTINEZ-CRUZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN LUIS SOTO, et al.,<br><br>Respondents. | Civil Action No. 25-18254 (MCA)<br><br>MEMORANDUM & ORDER |

Petitioner has filed an "Emergency Petition" for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which challenges his arrest and detention by Immigration and Customs Enforcement ("ICE") (ECF No. 1), and a Motion for a Temporary Restraining Order ("TRO") (ECF No. 10) seeking to enjoin Respondents from transferring him out of this District while the matter is pending and ordering his immediate release based on violations of federal law and his constitutional rights.[1]

The Court has reviewed the Petition under Rule 4 of the Rules governing habeas petitions and finds that dismissal is not warranted. The Court sets an expedited briefing schedule and, pursuant to its authority under the All Writs Act, 28 U.S.C. § 1651(a), temporarily enjoins Respondents from transferring Petitioner from this District or removing him from the United States while this matter is pending.[2]

---

[1] Specifically, Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2)(A) is unlawful and that ICE agents arrested him without a warrant or probable cause and used excessive force during his arrest. (ECF No. 1, Petition at ¶¶ 1-6.)

[2] Petitioner requests that the Court enjoin his transfer while this matter is pending. The ICE detainee locator indicates that Petitioner is currently detained at Delaney Hall. *See* ICE Detainee Locator, available at https://locator.ice.gov/odls/#/results (last visited December 9, 2025). Courts in this District and around the country have used their inherent authority under the All Writs Act

As noted above, Petitioner also seeks a TRO to enjoin his transfer and order immediate release based on constitutional violations. The Court denies as moot the portion of the TRO seeking to enjoin his transfer and removal, as the Court has granted that relief under the All Writs Act. The Court otherwise denies without prejudice the TRO because Petitioner has not met the notice requirements for a TRO, which are set forth in Fed. R. Civ. P. 65.[3] Here, Petitioner's counsel has not certified in writing his efforts to give notice or explained why it should not be required.

**THEREFORE**, it is on this 9th day of December 2025,

---

to enjoin the transfer or removal of noncitizens while their habeas petitions are pending. *See Rivera Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2476524, at *8 (D.N.J. Aug. 28, 2025); *see also Arostegui-Maldonado v. Baltazar*, --F. Supp.3d --, No. 25-cv-2205, 2025 WL 2280357, at *16 (D. Colo. Aug. 8, 2025) (relying on the All Writs Act to enter an injunction preventing immigration detainee's transfer out of the District of Colorado during the pendency of his habeas action); *Abrego Garcia v. Noem*, No. 8:25-cv-00951, 2025 WL 2062203, at *6 (D. Md. Jul. 23, 2025) (relying on the All Writs Act to limit petitioner's transfer to three nearby districts). This Court likewise relies on its inherent authority under the All Writs Act to preserve the status quo until this matter may be heard on the merits.

[3] Under Fed. R. Civ. P. 65(b)(1), which applies to TROs issued without notice, the Court may issue a TRO under the following circumstances:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

**ORDERED** that pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651(a) Respondents are TEMPORARILY ENJOINED from removing Petitioner from this District or from the United States while this matter is pending; and it is further

**ORDERED** that the Motion for a TRO (ECF No. 10) enjoining transfer or removal is DENIED IN PART AS MOOT in light of the Court's Order temporarily enjoining transfer under the All Writs Act; and it is further

**ORDERED** that the Motion for a TRO (ECF No. 10) is otherwise DENIED WITHOUT PREJUDICE for failing to meet the notice requirements of Fed. R. Civ. P. 65(b)(1); and it is further

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of the Petition and this Order upon respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within 14 days, Respondents shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that Respondents shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to petitioner's claims; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within 7 days after the answer is filed.

Madeline Cox Arleo
United States District Judge