UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RENE ANGEL MARTINEZ-CRUZ,**<br><br>Petitioner,<br><br>v.<br><br>**WARDEN LUIS SOTO, et al.,**<br><br>Respondents. | Civil Action No.  25-18254 (MCA)<br><br>**MEMORANDUM & ORDER** |

Currently pending before the Court is an Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 6.)  The Court previously enjoined Petitioner's transfer or removal from the United States while this matter is pending.  (ECF No. 2.)

Respondents filed a letter response on January 20, 2026 (ECF No. 7), stipulating to the relevant facts alleged in the Petition[1] and acknowledging that they rely on the same statutory interpretation set forth in *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025), which was rejected by this Court in *Vasquez Lucero v. Soto*, et al, No. 25-16737-MCA, 2025 WL 3240895 (D.N.J. Nov. 20, 2025).

The Court has considered the matter and **GRANTS** the Petition for the same reasons stated in *Vasquez Lucero*.[2]  Moreover, the Court finds that a bond hearing under 8 U.S.C. § 1226(a) is the appropriate remedy.

---

[1] Respondents stipulate that Petitioner is a citizen of Mexico who entered the United States without inspection at an unknown time and unknown place. (*See* ECF No. 7, Ans. Ex. A (Form I-213), at 1, 2.)  He was arrested by ICE on October 14, 2025. (*Id.* at 2; ECF No. 6, Am. Pet. ¶ 43.)

[2] Petitioner additionally argues that the ICE did not have probable cause to arrest him and used excessive force during his arrest, in violation of the Fourth Amendment.  Respondents argue that these claims are not cognizable in a habeas case. (*See* ECF No. 7, Ans. at 2-3.)  Specifically, Respondents argue that Petitioner brought his unlawful arrest claims in a suppression hearing

**IT IS** on this 29th day of January 2026,

**ORDERED** that the petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED**; and it is further

**ORDERED that Respondents shall provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(d) within 7 days of the date of this Order;** and it is further

**ORDERED** that within 3 days of the bond hearing, Respondents shall file a letter advising the Court of the outcome of the bond hearing, at which time the Court will dissolve any temporary restraints and close the matter.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**

---

during his immigration case and that this Court does not have jurisdiction over legal issues that the Court of Appeals can review on a petition for review of a final order of removal. *See Khalil v. President, United States of Am.*, No. 25-2162, 2026 WL 111933, at *15, --- F.4th --- (3d Cir. Jan. 15, 2026). This Court declines to reach Petitioner's additional claims, as it has found that Petitioner may not be detained under § 1225(b)(2) and must be provided with an individualized bond hearing under § 1226(a).